UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:06CR-06-R

UNITED STATES OF AMERICA                                                              PLAINTIFF

v.

ALLEN OSBORNE                                                                        DEFENDANT

**MEMORANDUM OPINION**

This matter is before the Court on Defendant Allen Osborne's Motion for Release on Bond Pending Appeal (Docket #117).  The Government has filed a response (Docket #127) to which Osborne has replied (Docket #128).  This matter is now ripe for adjudication.  For the reasons that follow, Osborne's Motion for Release on Bond Pending Appeal is GRANTED.

**BACKGROUND**

On December 15, 2006, a jury returned a verdict finding Osborne guilty of conspiracy to commit mail fraud in violation of 18 U.S.C. § 371, and not guilty of the substantive counts of mail fraud in violation of 18 U.S.C. §§ 2, 1341.

On May 3, 2007, Osborne was sentenced to fifteen months of imprisonment and, upon release from imprisonment, supervised release for a term of two years.  Osborne was also ordered to make restitution in the amount of $187,523, for which he was jointly and severally liable with David Michael Wilson and Kevin Schepman.  Osborne was also assessed a fee of $100.

**ANALYSIS**

Title 18 United States Code Section 3143(b) sets forth the legal standard applicable to the issuance of bail pending appeal.  Section 3143(b) requires a district court to make two findings before granting bail pending appeal: first, the court must find that the convicted person will not flee

or pose a danger to the community if the court grants bail; second, the court must find that the appeal is not for purpose of delay and raises a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the expected duration of the appeal process. *United States v. Pollard*, 778 F.2d 1177, 1181 (6th Cir. 1985); 18 U.S.C. § 3142(b)(1). The defendant bears the burden of justifying release on bail following conviction. *United States v. Vance*, 851 F.2d 166, 169 (6th Cir. 1988).

The Court finds that Osborne does not pose a flight risk nor is he a danger to the community. Osborne has been free on an unsecured bond since his initial appearance. He has appeared at every proceeding before this Court when his presence was required and has complied fully with all terms of the Court's release order.

Finding that Osborne does not pose a risk of flight or danger if permitted to remain free on bond while his appeal is pending, the Court must next address whether his appeal raises a question or legal issue likely to result in a reversal of his conviction or an order for a new trial.

An appeal raises a substantial question when the appeal presents "a close question or one that could go either way and that the question is so integral to the merits of conviction that it is more probable than not that reversal or a new trial will occur if the question is decided in the defendant's favor." *Pollard*, 778 F.2d at 1182 (internal quotation and citation omitted).

According to Osborne, the "substantial questions" presented on appeal involve: (i) the Court's instruction regarding the elements necessary to prove Osborne's involvement in a conspiracy under 18 U.S.C. § 371; (ii) the government's procurement and use of personal information about members of the venire panel; and (iii) the sentence imposed in consideration of

cases currently pending before the Supreme Court. The Court finds that only the first claim of a substantial question merits consideration.

Osborne stands convicted under Count One of the instant Indictment of conspiracy to commit mail fraud. Through Count One, the Government alleged that Osborne conspired with Wilson and Schepman to defraud the Fruit of the Loom Corporation by means of false invoices submitted to a third party, which Fruit of the Loom ultimately paid. The Government alleged twelve overt acts. In instructing the jury at the close of trial and prior to the start of deliberations, the Court directed unanimity with respect to the overt act requirement of 18 U.S.C. § 371:

> INSTRUCTION NO. 8
>
> Conspiracy (Count 1)
> Overt Acts
>
> The third element that the Government must prove is that a member of the conspiracy did one of the overt acts described in the Indictment for the purpose of advancing or helping the conspiracy.
>
> The Indictment lists twelve overt acts. The Government does not have to prove that all these acts were committed, or that any of these acts were themselves illegal.
>
> But the Government must prove that at least one of these acts was committed by a member of the conspiracy, and you must unanimously agree upon which act was done, and the Government must prove that the act was committed for the purpose of advancing or helping the conspiracy. This is essential.
>
> One more thing about overt acts. There is a limit on how much time the Government has to obtain an Indictment. This is called the statute of limitations. For you to return a guilty verdict on the conspiracy charge, the Government must convince you beyond a reasonable doubt that at least one overt act was committed for the purpose of advancing or helping the conspiracy after February 8, 2001.

Osborne argues that this Court erred by failing to include within the instruction an admonition that the jury should not and could not properly consider Overt Acts #8-12 when

evaluating Osborne's potential liability under Count One. Overt Acts #8-12 occurred between May 13, 2002, and December 3, 2003. Osborne states that Wilson contacted him in April of 2002 and effectively terminated him from the alleged conspiracy in which the two were engaged. The jury heard evidence that Osborne began once again to submit fraudulent invoices through his company Talent Services in January of 2003 and continued this activity through the end of 2003.

Osborne asserts that Overt Acts #8-12 pertain exclusively to Schepman's dealing with Wilson via Blue Steel Group, Ltd., a separate and distinct conspiracy from that alleged between Wilson and Osborne, the dealings of which Wilson deliberately hid from Osborne. Osborne argues that a new trial is warranted because his conviction reflects a violation of his constitutional rights where one cannot reasonable ascertain on which overt act or acts the jury agreed.

To prove the existence of a conspiracy in violation of 18 U.S.C. § 371, the government must prove an agreement between two or more persons to act together in committing an offense and an overt act in furtherance of the conspiracy. *United States v. Milligan*, 17 F.3d 177, 182 (6th Cir.1994). "A defendant may be guilty of conspiracy despite possessing limited knowledge of the conspiracy's scope, details and membership. A defendant, however must know the purpose of the conspiracy." *Id.* at 183.

The Court finds that for purposes of this motion that there is credible evidence presenting a close question as to whether two separate conspiracies existed. The alleged initial conspiracy involved the submission of false invoices to Fruit of the Loom from Talent Services and included Wilson, Osborne, and Schepman. The arguable second conspiracy included only Wilson and Schepman and consisted of Wilson preparing and submitting invoices on behalf of Schepman and the formation of the Blue Steel Group in furtherance of this activity. This second alleged conspiracy

did not involve and was not known to Osborne.

Where the evidence demonstrates multiple conspiracies, a defendant is prejudiced if the error of trying multiple conspiracies under a single indictment substantially influenced the outcome of the trial. *Kotteakos v. United States*, 328 U.S. 750, 765 (1956). "The primary risk is the transference of guilt from defendants involved in one conspiracy to defendants in another conspiracy." *United States v. Caver*, 470 F.3d 220, 237 (6th Cir.2006), *cert. denied*, 167 L.Ed. 2d 574 (2007). Here, if a court were to find that multiple conspiracies existed, the court would have no way of determining which overt act or acts the jury unanimously determined had occurred. It is possible that the jury unanimously determined that only one of Overt Acts #8-12 occurred. Such a finding would result in the reversal of Osborne's conviction or a new trial if there were in fact multiple conspiracies. *See Milligan*, 17 F.3d at 182.

## CONCLUSION

For the foregoing reasons, Osborne's Motion for Release on Bond Pending Appeal is GRANTED.

An appropriate order shall issue.