# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# BOWLING GREEN DIVISION
# CASE NO. 1:06-CR-6

**UNITED STATES OF AMERICA**                                                                          **PLAINTIFF**

v.

**ALLEN V. OSBORNE**                                                                                    **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant Allen Osborne's Motion for an Order Finding that Restitution has been Paid in Full (Docket #178). The government has responded (Docket #180). Defendants Michael Wilson, Kevin Schepman, and Allen Osborne were ordered to pay restitution in this case. The Court ordered Defendant Osborne to pay $187,523 in restitution to Fruit of the Loom Corporation. All restitution orders were joint and several with one another, for a total amount of restitution equal to $295,023. Defendant Osborne now states that the full amount of restitution has been paid in full, and asks the Court to enter an Order.

Defendant Osborne states that the amount has been paid through restitution payments in this criminal case and through a settlement in a civil case (1:05-cv-00128). The government states that Shepman has paid his portion in full, and Wilson has paid approximately $50,000. Osborne is presently incarcerated and has paid little towards his restitution obligation. A balance still remains on the Court-ordered restitution. Defendant Osborne argues that this balance was paid through the civil settlement.

"[C]riminal restitution orders operate for the benefit of the state rather than as compensation to the victim, and they are part of a sentence designed to serve the penal and rehabilitative interests of the state following a criminal conviction." *In re Duke*, 172 B.R. 575, 577 (M.D. Tenn. 1994) (citing *Kelly v. Robinson*, 479 U.S. 36, 52 (1986)). "Settlement of a civil

liability does not affect enforcement of a restitution order except insofar as the amount of that settlement might, consistent with the terms of the original sentence, count against the recoverable amount in the enforcement suit." *F.D.I.C. v. Dover*, 453 F.3d 710, 717 (6th Cir. 2006). Thus, a settlement agreement may not release a defendant from his restitution obligation, although it may serve to reduce or offset the amount owed. *See United States v. Bearden*, 274 F.3d 1031, 1041 (6th Cir. 2001) (Defendant's restitution of $161,590 was reduced by $47,000 as paid in civil settlement, but Defendant was not relieved from the obligation to pay the remaining $114,590.).

Defendant Osborne has failed to provide the Court with information regarding the amount paid in settlement and whether the amount paid in settlement is "consistent with the terms of the original sentence." *F.D.I.C.*, 453 F.3d at 717. "The burden . . . in proving that a victim was compensated for his loss falls squarely on the defendant." *United States v. Bogart*, 490 F. Supp. 2d 885, 901 (S.D. Ohio 2007) (citations omitted). Therefore, the Court cannot determine at this time if the full amount of restitution has been paid.

For this reason, **IT IS HEREBY ORDERED** that Defendant Allen Osborne's Motion for an Order Finding that Restitution has been Paid in Full is **DENIED**.