UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CASE NO. 1:06-CR-00006-R

UNITED STATES OF AMERICA                                              PLAINTIFF

v.

ALLEN V. OSBORNE                                                      DEFENDANT

## MEMORANDUM OPINION

This matter has come before the Court upon Defendant Allen V. Osborne's Motion to Stay or Hold in Abeyance his Restitution Obligation (DN 189). Plaintiff has responded (DN 190), Defendant has replied (DN 193), and Plaintiff has filed a Sur-Reply (DN 197). This matter is now ripe for adjudication. For the reasons that follow, Defendant's motion is DENIED.

## BACKGROUND

Following a jury trial, Osborne was convicted of one count of Conspiracy to Defraud the United States. He was sentenced to fifteen months in prison and ordered to pay $187,523 in restitution to Fruit of the Loom (FOL), the victim of the criminal conspiracy. His co-defendants, David Wilson and Kevin Schepman, were also adjudged guilty in the criminal action and ordered to pay FOL restitution in the amounts of $295,023 and $108,500 respectively for their parts in the conspiracy. In total, Osborne, Wilson, and Schepman, were found jointly and severally liable for the sum of $295,023, all due to FOL.

After trial, Osborne filed a timely appeal that was denied, *see United States v. Osborne*, 545 F.3d 440, (6th Cir. 2008), and subsequently served his term of imprisonment. During that time, amounting to roughly three years, Osborne paid only $75.00 toward his restitution obligation. Over the same period, FOL received a total of $160,102.79 in restitution from Wilson and Schepman. Accordingly, FOL is still owed approximately $134,720.21.

Osborne now moves this Court to Stay or Hold in Abeyance the court-ordered restitution payments until the sum of his obligation can be accurately determined from records provided by FOL. He petitions the Court that until these records are disclosed and reviewed, his payments should be stayed, as "he reasonably believes that he will be entitled to credits" for earlier payments by his co-defendants. Osborne also submits that if the sum total of the restitution judgment of $295,023 were to be paid off entirely by his co-defendants or through civil settlements received by FOL, then Osborne's obligation would be extinguished.

## ANALYSIS

Federal statute provides that a victim of crime is entitled to "[t]he right to full and timely restitution as provided in law." 18 U.S.C. § 3771(a)(6). The Mandatory Victim Restitution Act ("MVRA") requires the "district court to 'order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant.'" *United States v. Bogart*, 576 F.3d 565, 573 (6th Cir. 2009) (quoting 18 U.S.C. § 3664(f)(1)(A)). In a case with multiple defendants where MVRA applies, 18 U.S.C. § 3664(h) "explicitly gives district courts discretion as to whether they should apply joint and several liability or whether liability should be apportioned among the defendants based on their economic circumstances and their respective contributions to the victims' losses." *Id.* at 575 (quoting *United States v. Hunt*, 521 F.3d 636, 649 (6th Cir. 2008)). When defendants are adjudged jointly and severally liable for an amount in restitution, the victim may recover the entirety of the losses from any or all of the culpable parties. *Id.* Courts may not however award restitution that would "result in the payment to the victim of an amount greater than the victim's loss." *United States v. Diaz*, 245 F.3d 294, 312 (3d Cir. 2001); *see United States v. Nucci*, 364

F.3d 419, 422-24 (2d Cir. 2004); *United States v. Trigg*, 119 F.3d 493, 500-01 (7th Cir. 1997).

Osborne first claims that this Court should hold in abeyance his restitution payments while he is waiting for FOL to disclose financial documents detailing the payments previously made by Wilson and Schepman. As those documents have been disclosed while this motion has been under consideration and because the United States Court Case Inquiry Report provides an accurate description of what restitution has been paid, this argument is not considered.

Osborne next alleges that his obligation may be partially or fully satisfied depending on the earlier payments of Wilson and Schepman. In assessing the monetary penalties for his crimes, this Court decided that Osborne pay not more than $187,523 of the total losses suffered by FOL. DN 118 at 6. Currently, the outstanding balance owed to FOL by the defendants is $134,720.21. As FOL has not been fully repaid for its damages, and because Osborne's payments have failed to eclipse the ceiling for his own restitution amount, his obligation to repay FOL for his criminal actions has not been extinguished. He must continue to make restitution payments until either FOL is compensated in full or his repayments exceed $187,523, whichever comes first. Such was this Court's original order, which was well within the broad discretion district courts are afforded when ordering restitution. 18 U.S.C. § 3664(h) ("[T]he court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant."); *see United States v. Reichow*, 416 F.3d 802, 804-05 (8th Cir. 2005) ("The court has wide discretion in ordering restitution."); *United States v. Emerson*, 128 F.3d 557, 566 (7th Cir. 1997) (stating that a district court's decision for restitution will only be disturbed "if the sentencing court exercised its discretion using inappropriate factors

or by failing to use any discretion at all") (citation omitted).

Osborne's argument that he should receive credit for civil settlements with FOL must also fail due to the inadequate record before this Court. "Settlement of a civil liability does not affect enforcement of a restitution order except insofar as the amount of that settlement might, consistent with the terms of the original sentence, count against the recoverable amount in the enforcement suit." *F.D.I.C. v. Dover*, 453 F.3d 710, 717 (6th Cir. 2006). Moreover, payments from a civil proceeding should not reduce a restitution award unless it is shown that the amount is "recovered as compensatory damages for the same loss by the victim." 18 U.S.C. § 3664(j)(2). FOL's financial disclosure sets forth only two civil settlements, both from entities that are not affiliated with Osborne or the criminal trial in which he was convicted. If Osborne desires to receive credit for any civil settlements or judgments, he must demonstrate that FOL received the amount as compensation for the same loss it suffered as a result of his criminal actions.

Finally, Osborne did not raise objections to the court-mandated restitution at trial or on appeal. Such was the time to challenge the calculation or precise amount for which Osborne was personally liable. This Court agrees that "absent exceptional circumstances . . . a criminal defendant who fails to object to the calculation of restitution at [trial or on appeal] loses the right to advance a challenge to this calculation." *Cani v. United States*, 331 F.3d 1210, 1215 (11th Cir. 2003).

## CONCLUSION

FOR THE FOREGOING REASONS, Defendant's Motion to Stay or Hold in Abeyance his Restitution Obligation is DENIED. An appropriate order shall issue.